338 So.2d 312 (1976)
The TOWN OF LEESVILLE, Louisiana, Plaintiff-Appellee,
v.
TELEPROMPTER OF LEESVILLE, INC., Defendant-Appellant.
No. 5592.
Court of Appeal of Louisiana, Third Circuit.
September 13, 1976.
Rehearing Denied November 5, 1976.
Writ Refused January 12, 1977.
*313 Tillman & Mitchell by F. Clay Tillman, Jr., Leesville, for defendant-appellant.
Jack L. Simms, Jr., and Daryl Gold of Simms & Gold, Leesville, for plaintiff-appellee.
Before MILLER, WATSON and PETERS, JJ.
PETERS, Judge ad hoc.
This case concerns the correct interpretation to be given an ordinance of the Town of Leesville granting to defendant an exclusive cable television franchise.
The ordinance was enacted by the Town of Leesville on July 1, 1963. Section III of the ordinance provides as follows:
"That Grantee shall pay to the City of Leesville, Louisiana, the amount of Twenty-five and no/100 ($25.00) dollars per year until such time as said Grantee has completed the construction and installation of the operations contemplated hereby; upon completion of operations by the Grantee, the said Grantee shall thereafter pay to the City of Leesville, Louisiana, ten per cent (10%) of the gross monthly rentals received from its operations."
It appears that when the ordinance was enacted and defendant commenced construction of its facilities, neither party contemplated that defendant's operations would eventually extend beyond the city limits of Leesville. When defendant later expanded its facilities to serve people living in areas adjoining Leesville, the Town of Leesville expected defendant to pay 10% of all gross receipts from the out-of-town customers. Defendant asserted it was required to pay the 10% fee only on rentals received from customers who were served inside the town limits.
The evidence shows that in the year 1972-1973 (apparently a fiscal year), defendant paid the Town $25,718.99. This amount is 10% of the gross rentals received from all operations, including rentals received from customers outside town. Benard Rubin, director of taxes for defendant's parent company, testified defendant intended to pay the 10% fee only on rentals received from Leesville customers and the excess was paid in error. Accordingly, for the 1973-1974 year, defendant computed the amount it owed by considering only revenues derived from Leesville customers and defendant then deducted the amount it felt it had overpaid the previous year. Defendant thus paid only $12,667.03. The Town of Leesville contends that in both years the amount owed was 10% of the gross rentals received from all operations, whether the customers lived in Leesville or outside of town, and therefore defendant should have paid 10% of $294,994.75, or $29,499.48. The Town of Leesville sued defendant demanding $16,832.45, the difference between what was paid and what the town contends was owed.
The lower court rendered judgment for the Town of Leesville for $16,832.45, the amount prayed for. The lower court reasoned that the rentals from out-of-town customers were a direct result of the privileges granted to defendant by the franchise ordinance, for the homes of out-of-town customers were linked directly to the cables, master antenna, and amplification station which had been located in Leesville by virtue of the franchise ordinance. Because we find this reasoning persuasive, we affirm.
We are not presented with the question whether defendant would be obligated to pay a franchise fee on rentals received from operations which have no connexity with the rights and privileges granted by the franchise ordinance. In the instant *314 case, all rentals received by defendant, whether from within or without the Town of Leesville, are attributable to defendant's exercise of the rights granted by the franchise ordinance. We find the parties intended that defendant would pay 10% of the gross revenues derived from its use of the rights granted by the franchise. The reasonable conclusion under these circumstances is that defendant is obligated by Section III of the franchise ordinance to pay 10% of the gros monthly rentals received from all operations.
Defendant contends that such a construction of the ordinance will allow the Town of Leesville to exercise powers greater than those allowed by R.S. 33:401(11). That section provides that a municipality may grant a franchise for the erection, maintenance, and operation of poles, wires, and appurtenances for telephone, telegraph, and electric transmission and distribution systems along and upon the streets, alleys, public ways and places of the municipality. We cannot see that the town has exceeded its authority under this provision. The rights it has granted for the construction and operation of the cable system are restricted to the geographical confines of the town, and the franchise fees it desires to collect are attributable to the grant of those rights.
For the reasons assigned, the judgment of the lower court is affirmed at defendant-appellant's cost.
Affirmed.
WATSON, J., concurs in result.